IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BILLY R. McCULLERS JR.,

Petitioner,

v.  CIVIL ACTION NO. 3:15cv9

TERRY O'BRIEN,

Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On February 3, 2015, Billy R. McCullers Jr. ("Petitioner") filed a petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction imposed in the United States District Court for the Eastern District of Virginia. This matter is pending before the undersigned for an initial review and Report and Recommendation.

### II. Facts

Following a jury trial in the United States District Court for the Eastern District of Virginia, Petitioner was convicted of fifteen (15) counts. See E.D. Va. Case 4:07CR00049-001. Petitioner's convictions included:

(1) one count of Conspiracy to Possess with Intent to Distribute and Distribute Cocaine Base and Cocaine and to Manufacture Cocaine Base;

(2) two counts of Distribution of Cocaine Base;

(3) two counts of Possession with Intent to Distribute Cocaine Base;

(4) three counts of Possession of a Firearm in Furtherance of a Drug Trafficking Crime;

(5) three counts of Distribution of Cocaine;

(6) one count of Possession with Intent to Distribute Cocaine;

(7) one count of Manufacturing Cocaine Base; and

(8) two counts of Tampering with a Witness

Id. Petitioner's subsequent one thousand twenty (1,020) month sentence of imprisonment was affirmed by the Fourth Circuit on September 17, 2010. See United States v. McCullers, 395 F. App'x 975 (4th Cir 2010). The Supreme Court denied Petitioner's petition for writ of certiorari. See McCullers v. United States 131 S. Ct.1542 (2011). On February 27, 2012, Petitioner filed a § 2255 motion, which was denied on October 31, 2012.[1] (E.D. Va. Case No. 4:07-CR-00049). Petitioner filed a second § 2255 motion on November 25. Id. However, Petitioner did not obtain an order from the United States Court of Appeals for the Fourth Circuit in order to be heard on his successive petition under § 2255. Consequently, it was denied on January 10, 2014. Id.

### III. The Pleadings

Petitioner now attacks the validity of his conviction in a § 2241 petition whereby he asserts:

(1) "the government was Collateral[ly] Estopped from re-litigating count four of the third superseding indictment";

(2) "the government did not sustain its burden of proof for the crime of possession with intent to distribute 500 grams or more of cocaine";

(3) "the government did not produce any evidence to sustain its burden of proof for the crime[s] of possessing with intent to distribute 50 grams or more of crack on March 15, 2006 and manufacturing 50 grams or more of crack on March 15, 2006; and

(4) "the government knowingly present[ed], at trial, of false or misleading testimony"

---

[1] The sentencing judge denied all claims but Petitioner's claim that counsel did not communicate all plea offers to him on May 29, 2012. (McCullers v. United States, No. 4:12cv37, 2012 WL 1942068 (E.D. Va. 2012)). The court subsequently held an evidentiary hearing. On October 31, 2012, the sentencing court entered a final order denying Petitioner's last claim and denied his § 2255 motion in full. (E.D. Va. Case 4:07CR00049-00).

(Docket No. 12 at 6) (alteration to original). Petitioner "prays that this court reverse the convictio[n]s against him and resentence him accordingly."Id. (alteration to original).

## IV. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence can be entertained because the petitioner can satisfy the requirements of the "savings clause" in 28 U.S.C. § 2255(e). Under 28 U.S.C. § 2255(e):

> "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*"

(emphasis added).

Pursuant to 28 U.S.C. § 2255, the limitation bar[2] may make relief unavailable, but the

---

[2]In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255. The limitation period shall run from the last of:
  a. The date on which the judgment of conviction becomes final;
  b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

prohibition against successive petitions or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Additionally, In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000) held that:

> "§2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law."

In re Jones, 226 F.3d at 333-34.

Here, the undersigned assumes that Petitioner seeks to have all of his convictions vacated.[3] Although Petitioner has not raised the savings clause, it is clear that he is not entitled to its application. Petitioner does not meet the first or third elements of In re Jones because settled law established the illegality of his convictions at the time and there is no constitutional law question. Id. Petitioner himself states he believes the instant Motion is the only "vehicle that he has – because this is not a new law from the Supreme Court that has been retroactive on collateral review." (Docket No. 12 at 9). If Petitioner had satisfied the first and the third elements of In re Jones, he could not meet the second element because all fifteen (15) crimes for which he was convicted remain criminalized under federal law. Petitioner attacks the validity of his conviction and sentence, but fails to establish that he meets the In re Jones requirements. Thus, Petitioner has not demonstrated that

---

[3] Petitioner does not explicitly list which of the fifteen convictions he seeks to have vacated. (Docket No. 12 at 8).

4

§ 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## V. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 12) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

DATED: June 3, 2015

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE