# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**BILLY R. McCULLERS, JR.,**

    Petitioner,

**v.**                                  **CIVIL ACTION NO.: 3:15-CV-9**
                                                **(GROH)**

**TERRY O'BRIEN,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed R&R. Magistrate Judge Kaull issued his R&R [ECF No. 13] on June 3, 2015. In the R&R, he recommends that the Petitioner's 28 U.S.C. § 2241 Court-Approved Form Petition [ECF No. 12] be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.

1984). Objections to Magistrate Judge Kaull's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted at U.S. Penitentiary, Hazelton, on June 8, 2015. Therefore, after allowing for additional time to ensure personal receipt, the Court finds that the deadline for the Petitioner to submit objections to the R&R has passed. In lieu of objections, the Petitioner filed a document captioned as "motion to amend 28 U.S.C. 2241." ECF No. 15. The motion to amend is dated June 21, 2015, and was received by the Court on June 24, 2015.

The magistrate judge recommends that this Court deny and dismiss the Petitioner's § 2241 petition because the Petitioner is directly attacking the validity of his conviction and therefore his petition is properly construed as a 28 U.S.C. § 2255 motion. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255."). As the magistrate judge notes, the Petitioner has already filed a § 2255 petition in his sentencing court, which was denied in full, and he has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive petition. Furthermore, the Petitioner cannot meet the "savings clause" of § 2255 and he cannot meet the requirements articulated by the Fourth Circuit in In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Accordingly, the Petitioner's § 2241 petition must be dismissed.

In his motion to amend, the Petitioner requests "an extension of thirty (30) days to amend his 28 U.S.C. 2241 motion pursuant to Rule 15(a), in order for petitioner to file his actual innocence claims." An application for a writ of habeas corpus may be amended as

2

provided in Federal Rule of Civil Procedure 15(a). See 28 U.S.C. § 2242. Pursuant to Rule 15(a)(1), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading requires a response, within twenty-one days after service of a responsive pleading or a motion under Rule 12(b), (e) or (f). Fed. R. Civ. P. 15(a)(1). Here, the Petitioner is not entitled to amend his petition as a matter of course. Under Rule 15(a)(2), a party may amend its pleading with the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(a)(2). The Petitioner has not obtained the Respondent's written consent. Although Rule 15 provides that courts should freely give leave to amend when justice so requires, disposition of a motion to amend is within the sound discretion of the district court and leave should not be granted automatically. Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987). Here, the Petitioner's motion to amend represents "a futile attempt to remedy the fact that his § 2241 petition is actually a § 2255 petition in disguise." Cooper v. O'Brien, Civil Action No. 5:13-CV-77, 2014 WL 713285, at *4 (N.D.W. Va. Feb. 25, 2014), aff'd per curiam, 575 F. App'x 103 (4th Cir. 2014). As the Petitioner has already directly attacked his conviction in a fully-litigated § 2255 motion in his sentencing court and as he cannot meet the savings clause of § 2255, the amendment to his petition would be futile and his motion to amend is therefore denied. See Williams v. Simons, Civil Action No. 3:10-CV-599-HEH, 2011 WL 1827868, at *1 (E.D. Va. May 12, 2011) (denying a motion to amend that was not accompanied by a proposed amended § 2241 petition when "any amendment would be futile").

As no objections have been filed, the R&R is reviewed for clear error. Upon careful review, it is the opinion of the Court that Magistrate Judge Kaull's Report and Recommendation [ECF No. 13] should be, and is, hereby **ORDERED ADOPTED** for the

reasons more fully stated therein. Accordingly, the Court **DENIES** the Petitioner's 28 U.S.C. § 2241 Court-Approved Form Petition [ECF No. 12] and **ORDERS** that it be **DISMISSED WITH PREJUDICE**. The Court further **ORDERS** that the Petitioner's Motion to Amend [ECF No. 15] is **DENIED**. This matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter judgment for the Respondent. As the Petitioner is a federal prisoner seeking relief through a § 2241 petition, the Court makes no certificate of appealability determination in this matter.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED:** July 31, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE